UNITED STATE SDISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

D.C., an infant by his mother and natural guardian,
TIE'ANNA COLLINS and TIE'ANNA COLLINS,
Individually, T.B. an infant by his father and natural
Guardian, TOAJACK BROWN, and TOAJACK
BROWN, individually,

                              Plaintiffs,                      FILE # 24-CV-9714-CS

                    -against-                      AMENDED COMPLAINT

ELDRED CENTRAL SCHOOL DISTRICT,
TRACI FERREIRA and MONIQUE-GALE MESSINA,    PLAINTIFFS DEMAND
                                                                 TRIAL BY JURY
                    Defendants.
------------------------------------------------------------------x

       The plaintiffs, by their attorney, JAY M. WEINSTEIN, ESQ., as and for their amended complaint, allege, upon information and belief, as follows:

## JURISDICTION AND VENUE

       1. The plaintiffs presently are domiciliaries of the Commonwealth of Pennsylvania.

       2. That at all times alleged herein, the plaintiffs were residents of the State of New York, County of Sullivan.

       3. The defendant, ELDRED CENRTAL SCHOOL DISTRICT, was and is a school district duly organized and existing pursuant to the Education Laws of the State of New York, and which was and is located in the State of New York, County of Sullivan,

       4. At all times herein mentioned, the defendants, TRACI FERREIRA, and MONIQUE-GALE MESSINA, were employees of defendant ELDRED CENTRAL SCHOOL

1

DISTRICT.

5. That on or about April 11, 2024, and within ninety (90) days of the date of the occurrence, the plaintiffs caused to be served upon the defendants a Verified Notice of Claim pursuant to the Education Law of the State of New York Section 3813 *et seq,* and General Municipal Law of the State of New York, section 50-e.

6. More than thirty (30) days have elapsed since the presentation of the said claim, and the defendants have failed and refused to settle or compromise the claims.

7. That pursuant to the demand of defendant ELDRED CENTRAL SCHOOL DISTRICT, on June 25-June 26, 2024, each plaintiff appeared for and submitted to examinations under oath pursuant to section 50-h of the General Municipal Law and sections of the Education Law.

8. That this action was commenced within one year and ninety (90) days of the occurrence.

9. That the causes of action herein arose within the judicial district of the United States District Court, Southern District of New York

### FACTUAL BACKGROUND

10. That at all times herein mentioned, the defendant, ELDRED CENTRAL SCHOOL DISTRICT, owned, operated, managed, maintained, supervised and control a certain school known as Eldred Junior Senior High School, located at 600 Route 55 Eldred, County of Sullivan, New York.

11. That at all times herein mentioned, the defendant, TRACI FERREIRA, was the superintendent of the said school district.

12. That at all times herein mentioned the defendant, MONIQUE-GALE MESSINA, was a teacher at the said Eldred Junior Senior High School.

13. That at all times alleged herein, the defendants, FERREIRA and MESSINA, were acting within the scope of their respective employments for the said School District.

14. That at all times herein mentioned, the infant plaintiff, D.C. was a ninth-grade student at the said school.

15. That at all times herein mentioned, the infant plaintiff, T.B. was an eleventh-grade student at the said school.

16. That the infant plaintiffs, as well as their parents, TIE'ANNA COLLINS and TOAJACK BROWN, identify as members of the African American race.

17. That at all times herein mentioned, the African American student population at the said school comprised a total of approximately 1%.

18. That on February 7, 2024 at approximately 1:00 P.M. the two infant plaintiffs were attending the same Study Hall period at the said school.

19. That the defendant, MESSINA, was the teacher/supervisor of the aforementioned Study Hall period.

20. That the defendants ELDRED, and FERREIRA. knew, or upon reasonable research and inspection, should have known that defendant, MESSINA, had racially insensitive tendencies towards African American persons in general and specifically, students at the said school.

21. That defendant, ELDRED, had and has exclusive knowledge and information of MESSINA's racial insensitivities towards African Americans prior to September, 2023.

22. That ELDRED never advised the plaintiffs of MESSINA's known racial insensitivities towards African American persons.

23. That commencing in September, 2023 and until the above date, and while supervising

the Study Hall period, defendant, MESSINA, had had no contact with either of the two infant plaintiffs.

24. That the two infant plaintiffs were the only two African American students attending that Study Hall period during that school year.

25. That during the Study Hall period on the above date, and for reasons unbeknownst to the infant plaintiffs, yet known to defendant ELDRED, by its agents, servants and/or employees defendant, MESSINA, while in the course of her employment, and without cause or justification, questioned each of the infant plaintiffs about their light-colored skin tone and the texture of their hair, and whether each of the infant plaintiffs was a "pure bred" Black.

26. That the aforementioned incident was reported to the administration of the School District.

27. That upon information and belief, an investigation was alleged to have bene conducted by the School District

28. That based upon its alleged investigation, the School District, by and through defendant, FERREIRA, who had prior knowledge of MESSINA's racial insensitivities towards African Americans, determined that defendant MESSINA, "engaged in an inappropriate and racially discriminatory conversation that utilized discriminatory vocabulary and statements."

29. That the School District, by and through defendant FERREIRA and others determined that the actions of defendant MESSINA were in violation of the State of New York Dignity for All Students Act., and as such committed a violation of the Civil Rights of the plaintiffs pursuant to the Equal Protection Clause of the 14th Amendment of the United States Constitution, 42 U.S.C. 1983 *et seq.* and other federal laws.

30. That despite the clear and unequivocal findings by the School District, the School District did not remove defendant MESSINA from its School District, nor did the defendants take any steps to protect the infant plaintiffs from being subjected to further acts of racial prejudice, discrimination, and unwarranted hate as required under law.

31. That all of the aforementioned events were caused jointly and/or severally by the carelessness, recklessness, and negligence of the defendants, by and through defendant FERREIRA and others, in its ownership, operation, management, supervision, knowledge and control of its school, and of its employees.

32. That the School District is further liable for the intentional, outrageous and grossly negligent actions of defendant, MESSINA, in violation of law, in knowingly permitting MESSINA, a racially insensitive person, to engage in racially discriminatory conduct, without regard to the consequences to the infant plaintiffs and other similarly situated African American and minority students at its school.

33. That the plaintiffs were in no way negligent or otherwise legally responsible for the happening of this occurrence.

34. That the defendants School District and Ferreira have acknowledged that the allegations of discrimination and misconduct by defendant Messina, while in the course of her employment, as set forth herein, that were in violation of the **DIGNITY FOR ALL STUDENTS ACT** of the State of New York, Education Law section 801-a were **FOUNDED**.  (Exhibit "A").

35. That by reason of the violations of laws by the defendants as set forth herein, each plaintiff was caused to sustain personal and psychological injuries resulting therefrom.

### AS AND FOR A FIRST CAUSE OF ACTION VIOLATIONS OF THE14 TH AMENDMENT OF UNITED STATES CONSTITUTION, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C 1983 *et seq.* AND OTHER FEDERAL STATUTES AND LAW

36. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35" as if set forth in full herein.

37. That by reason of the actions of the defendants, by and through its employees while in the course of their respective employments, and in particulars the allegations set forth herein, which were "state actions" as defined by law, the infant plaintiffs were the victims of outrageous, premeditated discriminatory conduct solely by reason of their race.

38. That the said racially discriminatory conduct and harassment of the defendants was done with malice and with intent to do harm in violation of the laws of the United States and the States of New York.

39. That the defendants were "state actors" as defined by law, and that their action were in violation of the Equal Protection Clause of the 14th Amendment of the United States Constitution, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 1983 *et seq.* and as such they are liable thereunder.

40. That by reason of the aforementioned, each plaintiff has been caused to expend great sums of money for medical and mental health treatments together with other related expenses which continue to date and will continue into the future.

41. That by reason of the aforementioned, each plaintiff has been damaged in the sum of $3,000,000.00..

42. That each plaintiff is further entitled to recovered all attorney's fees, costs and

6

disbursements as permitted by law.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEGLIGENT SUPERVISION AND TRAINING OF EMPLOYEES

43. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "42" inclusive, as if set forth in full herein.

44. That the defendant, School District, was under an obligation under the Dignity of All Students Act to properly supervise and train its employees, including defendant, Messina, in areas of racial relations and racial sensitivity.

45. That it is unknown to the plaintiffs whether the School District did provide proper and appropriate supervision and training to MESSINA and its employees in the areas of race relations and racial sensitivity.

46. That the School District knew or should have known that MESSINA and other employees, who, upon information and belief were and are Caucasians, did receive supervision and training in race relations and racial sensitivity especially with respect to its Black students.

47. That the School District by and through its superintendent, Ferreira, were careless, reckless, and negligent in failing and/or refusing to provide any such proper and appropriate supervision and training to MESSINA and its employees, and that the supervision and training provided was inadequate under the circumstances.

48. The plaintiffs were in no way negligent with respect to the happening of the occurrence set forth herein.

49. That by reason of the aforementioned, each plaintiff was damaged in the amount of

$3,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEGLIGENT HIRING AND RETENTION

50. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "49" inclusive, as if set forth in full herein.

51. That the School District and its superintendent knew or should have known that its teachers and employees, and in particular, defendant Messina, were unfamiliar with any aspects of African American history and African American culture.

52. That the defendants School District and Ferreira believed that Messina was not a person of prejudice because, upon information and belief. and based solely upon claims that she "**ATE TACOS**" and, upon information and belief, identified as a member of the gay and lesbian community.

53. That from the time that the School District hired defendant Messina, it by and through defendant Ferreira and others, knew or through its superintendent or should have known prior to the time of the subject incident that Messina was a racially incentive and bigoted person, with such information having been in the exclusive knowledge and control of the defendants.

54. That while the School District by defendant, Ferreira knew that defendant Messian was a racially prejudiced and bigoted person, the defendants failed and refused to take any reasonable and prudent steps to remove such racially prejudiced and bigoted person from its employment..

55. That by failing to eradicate in advance racially prejudiced and bigoted teachers such as Messina, the School District approved of the hateful speech spoken by Messina to the infant

8

plaintiffs

56. That the School District, by defendant Ferreira and others, knew or should have known that a racially prejudicial and incentive teacher such as Messian could cause and, in fact, did do harm to its African American students, the infant plaintiffs.

57. That the plaintiffs were in no way negligent with respect to the aforementioned allegations.

58. That by reason of the aforementioned each plaintiff has been damaged in the amount of $3,000,000.00

59. That as a result of the abovementioned, each of the plaintiffs sustained damages as follows:

a) plaintiff, D.C. sustained physical and mental injuries that continue to date and will continue into the future;

b) plaintiff, TIE'ANNA COLLINS, sustained the loss of services of her infant son and has and will continue to expend great sums of money for medical and mental health expenses; together with other damages and expenses including, but not limited to, the expenses incurred in moving out of the defendant school district's community;

c) plaintiff T.B. sustained physical and mental injuries that continue to date and will continue into the future; and

d) defendant, TOAJACK BROWN, sustained the loss of services of his infant son and has and will continue to expend great sums of money for medical and mental health expense; together with other damages and expenses, including, but not limited to, the expenses incurred in moving out of the defendant school district's community.

WHEREFORE, each plaintiff demand judgment against the defendants in all causes of action in the amount of $3,000,000.00 for each cause of action, together with interest from February 7, 2024, the cost and disbursements of this action; and further, with respect to the First Cause of Action, all reasonable attorney's fees and costs as permitted under law.

Dated: Woodmere, New York
      January 30, 2025

                                    Yours, etc.

                                    JAY M. WEINSTEIN
                                  Attorney for Plaintiffs
                                  503 Longacre Avenue
                                  Woodmere, N.Y. 11598
                                  (516) 965-9697

                              BY: _____
                                  JAY M. WEINSTEIN jw6064)

# EXHIBIT A

**ELDRED Central School District**

Mrs. Traci Ferreira, Superintendent of Schools
600 Route 55, PO Box 249, Eldred, N.Y. 12732
Tel: 845.456.1010 ■ Fax 845.456.1113
Email: ferreirat@eldred.k12.ny.us

March 7, 2024

Toajack Brown & TieAnna Collins
19 Drapak Lane
Glen Spey, NY 12737

To the parents of Tahlil Brown and Davion Collins

I am writing to report the findings of the investigation conducted regarding a Dignity Act complaint reported to Mr. Conklin on February 9, 2024. It was alleged that the Family and Consumer Science teacher, Mrs. Monique Gale-Messina engaged in an inappropriate and racially discriminatory conversation that utilized discriminatory vocabulary and statements. During the investigation, Mr. Conklin spoke with witnesses and the alleged offender in an effort to gather information about the incident. Upon completion of the investigation, it has been determined that Mrs. Messina's actions were deemed FOUNDED.

The Eldred Central School District takes all DASA complaints seriously. The Eldred Central School District's Board of Education was made aware of the incident and agreed upon the following penalty. Mrs. Messina will have a disciplinary letter placed in her employment file and mandatory professional development training for this spring and the 2024-2025 school year. If you have any questions, please do not hesitate to contact me either by telephone at 845-456-1100, extension 5296 or by email at ferreirat@eldred.k12.ny.us.

Sincerely,

*Traci Ferreira*

Traci Ferreira
Eldred CSD Superintendent

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

D. C. an infant by his mother and natural guardian,
TIE'ANNA COLLINS and TIE'ANNA COLLINS, individually,
T.B, an infant by his father and natural guardian,
TOAJACK BROWN, and TOAJACK BROWN individually,

                                                    Plaintiffs,

     -against-

ELDRED CENTRAL SCHOOL DISTRICT, TRACI FERREIRA
And MONIQUE-GALE MESSINA.

                                                    Defendants.

---

AMENDED COMPLAINT

---

JAY M. WEINSTEIN, ESQ.
Attorney for Plaintiffs
503 Longacre Avenue
Woodmere, New York 11598-2307
(516) 965-9697

---

To:
Attorney for

---

Service of a copy of the within
is hereby admitted.
Dated:

_____

Attorney for